**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**Civil Action No.**

TEKSYSTEMS, INC.,
a Maryland Corporation,

       Plaintiff,

v.

TEK EXPERTS USA, INC.,
a Colorado Corporation,

and

TEKNOWLEDGE GLOBAL LTD.,
a Cyprus Limited Company,

       Defendants.

---

## COMPLAINT AND JURY DEMAND

---

Plaintiff TEKsystems, Inc. ("**TEKsystems**" or "**Plaintiff**"), by and through undersigned counsel, brings this action seeking injunctive relief and damages against Defendant Teknowledge Global Ltd. ("**Teknowledge**") and Defendant Tek Experts USA, Inc. ("**Tek Experts**") (collectively, "**Defendants**") for certain acts of trademark infringement, and states as follows:

## <u>PARTIES</u>

1.      TEKsystems is a Maryland Corporation with its principal office and place of business at 7437 Race Road, Hanover, MD 21076.

2.      TEKsystems is engaged in the business of providing comprehensive recruiting, placing temporary and permanent employees, and providing outsourcing and managed services in the IT field.

3.      Defendant Teknowledge is a Cyprus company with its principal place of business at Nicosia City Center, 2/FL, Flat/Off 201, Kallipoleos, 64, Nicosia 1071, CYPRUS.

4.      Teknowledge provides IT consulting, project management, and software development services to companies throughout the United States, and maintains a website at www.teknowledge.com.

5.      Defendant Tek Experts is a Colorado Corporation with its principal place of business at 6860 Campus Drive, #300, Colorado Springs, CO 80920.

6.      Tek Experts provides IT consulting, project management, and software development services to companies throughout the United States, and maintains a website at www.tek-experts.com.

## JURISDICTION AND VENUE

7.      Through this Complaint, Plaintiff asserts claims against Defendants that arise, inter alia, under the Lanham Act of 1946, as amended, 15 U.S.C. § 1051, *et seq*., and the statutes and common laws of the State of Colorado.

8.      The Court has original subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331, 1338(a), 15 U.S.C. § 1121 and 28 U.S.C. § 1367.

9.      The Court also has original subject matter jurisdiction of this action under 28 U.S.C. § 1332, in that this is a civil action arising under the common law of the State of

53059391.1

Colorado where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

10.    The Court has personal jurisdiction over Defendant Teknowledge in that Defendant Teknowledge operates within the United States, within the State of Colorado and within this Judicial District, and has sold, and is selling, their products and services to customers throughout the State of Colorado, and throughout the United States.  Additionally, upon information and belief, Defendant Teknowledge exercises control over the operations of businesses operating within the State of Colorado (including Defendant Tek Experts), and regularly enters into contracts, and transacts business, with businesses operating within the State of Colorado (including Defendant Tek Experts).

11.    The Court has personal jurisdiction over Defendant Tek Experts in that Defendant Tek Experts operates within the United States, within the State of Colorado and within this Judicial District, and has sold, and is selling, their products and services to customers throughout the State of Colorado, and throughout the United States.

12.    Venue is proper in the United States District Court for the District of Colorado pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events giving rise to the claims herein occurred in this Judicial District.

13.    Venue is also proper under 28 U.S.C. § 1391(b)(3), as Defendants transact business in the District of Colorado, and are subject to personal jurisdiction in this Judicial District.

14.    Venue is also proper under 28 U.S.C. § 1391(b)(1), as Defendants reside within the District of Colorado, and are subject to personal jurisdiction in this Judicial District.

## BACKGROUND

### *TEKsystems*

15.    TEKsystems is in the business of providing counseling, recruiting, and temporary and permanent staffing in the fields of IT project management, workforce strategy, and business consulting services.  TEKsystems is well known and recognized as a preeminent service company in the staffing services, technology execution, and IT fields.

16.    TEKsystems maintains over 100 offices throughout the United States with over 20,000 employees who are IT professionals.  TEKsystems maintains business offices in Colorado Springs, and throughout Colorado.  TEKsystems also conducts its business through an interactive website located at www.teksystems.com (the "TEKsystems Website").

17.    The TEKsystems Website was launched in 1998, and since that time has been a significant aspect of TEKsystems overall public brand and image.  A true and correct copy of the splash page of the TEKsystems Website is attached hereto as **Exhibit A**.

18.    Plaintiff owns the following United States Trademark Registrations (collectively, the "TEKsystems Marks"):

| Mark | Reg. No. | Reg. Date | Goods/Services |
|------|----------|-----------|----------------|
| TEKSYSTEMS | 2,287,071 | Oct. 19, 1999 | "temporary and permanent placement of personnel in the information systems industry"<br><br>"computer services, namely, systems management and consultation services in the information systems industry." |

4

| TEK | 2,720,254 | Jun. 3, 2003 | "Computer services, namely, computer consultation and systems management, integration of computer systems and networks and on-site monitoring of computer systems in the information systems industry" |
|---|---|---|---|
| TEKSYSTEMS | 3,291,060 | Sep. 11, 2007 | "Management and business consulting services in the field of call center operation for others…" |
| TEKSYSTEMS GLOBAL SERVICES | 4,090,165 | Jan. 24, 2012 | "Employment hiring, recruiting, placement, staffing and career networking services…"<br><br>"Computer project management services…" |
| TEKSYSTEMS (And Design)<br><br> | 4,273,436 | Jan. 8, 2013 | "Employment agency services, namely, filling the temporary and permanent staffing needs of businesses…"<br><br>"Computer project management services…" |
| TEKSYSTEMS.SAIGE | 5,957,383 | Jan. 7, 2020 | "Cloud computing featuring software for use to support knowledge base and conversation history environments, namely, |

53059391.1

| | | | |
|---|---|---|---|
| | | | software for providing real time insights and updates through the use of artificial intelligence…" |
| Smiley Triangle Logo  | 6,035,216 | Apr. 14, 2020 | "Cloud computing featuring software for use to support knowledge base and [conversation] history [environments], namely, software for [providing] real time insights and updates through the use of artificial intelligence…" |
| Triangle Logo  | 6,689,042 | Apr. 5, 2022 | "Employment agency services, namely, filling the temporary and permanent staffing needs of businesses…" <br><br> "Computer project management services…" |
| TEKSYSTEMS ACADEMY | 6,719,263 | May 3, 2022 | "Education services, namely, providing live and on-line self-paced training [content], videos, classes, courses, webinars, seminars, and workshops in the field of information technology…" |

6

19.     TEKsystems has been using the mark TEKSYSTEMS in connection with IT staffing services and computer services continuously and exclusively since its first use with customers in September 1997.

20.     TEKsystems has been using the mark TEKSYSTEMS (And Design) in connection with IT staffing services and computer services continuously and exclusively since its first use with customers in October 2012.

21.     The TEKSYSTEMS (And Design) mark includes a significant design element – *a triangle* - that Plaintiff has been using in connection with its goods and services since at least as early as October 2012.

22.     Since 2012, the Triangle Logo (shown above) has formed a large and important piece of Plaintiff's overall image and brand.

23.     The colors navy, orange and blue that are included in the Triangle Logo also form a key aspect of Plaintiff's branding and marketing.

24.     The Triangle Logo has acquired distinctiveness and secondary meaning through over ten (10) years of continuous and exclusive use by Plaintiff with customers and potential customers.

25.     Plaintiff recently introduced a variation on the Triangle Logo, the Smiley Triangle Logo (shown above), which Plaintiff uses in connection with the provision of cloud computing services.

26.     TEKsystems has expended substantial resources to promote the TEKsystems Marks (including the Triangle Logo) in connection with its goods and services, including but not limited to significant expenditures devoted to research, advertising, marketing, sponsoring

53059391.1

community-related events, maintaining an Internet website, and enforcing its right to the exclusive use of the TEKsystems Marks.

27.    The TEKsystems Marks are distinctive and have become famous long prior to the acts of Defendants complained of herein as a result of Plaintiff's long and continuous use of the TEKsystems Marks; its substantial sales, advertising and promotional activities under that mark; and Plaintiff's substantial presence in the marketplace.

28.    The TEKsystems Marks are well and favorably known and represent the source and origin of Plaintiff's goods and services sold in association therewith.

29.    Plaintiff sells its services in connection with the TEKsystems Marks throughout the United States.

30.    The strength of the TEKsystems Marks is one of Plaintiff's most valuable corporate assets.

31.    As a result of the extensive and substantial promotion, advertising and sales of its services under the TEKsystems Marks, and the maintenance of the highest quality standards relating thereto, the TEKsystems Marks have become exceedingly well known to the public, including in and around Colorado and throughout the United States, as a distinctive indication of origin of services.

### *Defendant Teknowledge*

32.    Prior to January 2024, Defendant Teknowledge was known as "Tek Experts Global Ltd.".

33.    On or about January 31, 2024, Defendant Teknowledge filed two (2) U.S. Trademark Applications for the marks shown below:

| Mark | App. No. | Filing Date | Goods/Services |
|---|---|---|---|
| TEKNOWLEDGE | 98384996 | Jan. 31, 2024 | "Computer software…"<br><br>"Business management, organisation and administration…"<br><br>"Education, training and instruction services…"<br><br>"Scientific and technological services and research and design relating thereto…" |
| TEKNOWLEDGE (And Design)<br><br>teKnowledge | 98385005 | Jan. 31, 2024 | "Computer software…"<br><br>"Business management, organisation and administration…"<br><br>"Education, training and instruction services…"<br><br>"Scientific and technological services and research and design relating thereto…" |

9

34.     According to public records, Defendant Teknowledge's website at www.teknowledge.com (the "Teknowledge Site") was updated in January 2024, around the same time Defendant Teknowledge filed the above-referenced trademark applications, and changed its corporate name.  Attached hereto as **Exhibit B** is a true and correct copy of a "WHOIS" report from GoDaddy indicating that the Teknowledge Site was last changed in January 2024.

35.     Again, according to public records, the Teknowledge Site had no content other than a "Coming Soon" banner in February 2024.

36.     Upon information and belief, content was not added to the Teknowledge Site until April 2024.  Attached hereto as **Exhibit C** are true and correct copies of pages from the Internet Archive Wayback Machine (https://archive.org/) indicating that the Teknowledge Site was updated to include actual content in April 2024.

37.     As discussed further below, the design and content of the Teknowledge Site is conspicuously similar to the design and content of the TEKsystems Website.  A true and correct copy of the splash page of the Teknowledge Site is attached hereto as **Exhibit D**.

38.     Attached hereto as **Exhibit E** are true and correct copies of example pages from the Teknowledge Site and the TEKsystems Website, arranged side-by-side.

39.     As shown in Exhibits A, D and E, the Teknowledge Site contains several design elements copied directly from the TEKsystems Website, including similar logos, similar color schemes, similar shapes, and similar wording.

40.     Notably, the Teknowledge Site does not utilize the TEKNOWLEDGE (And Design) mark shown above at all.  Rather, it prominently displays the logo shown below, which includes a 'three triangle' design element (the "Three Triangle Logo").

53059391.1



41.    In fact, triangles are recurring design theme on the Teknowledge Site, as are the colors blue and orange.  Some examples are shown below.







42.    Defendant Teknowledge offers its staffing and placement services under the various marks referenced above (the "Teknowledge Infringing Services").

53059391.1

***Defendant Tek Experts***

43.     Defendant Tek Experts is an IT solutions and staffing company that is a wholly-owned subsidiary of Defendant Teknowledge.

44.     Tek Experts maintains a website at www.tek-experts.com (the "TE Site").

45.     The TE Site was recently updated to make reference to Defendant Teknowledge's corporate name and branding changes, and to include triangular design elements, as shown in the example below.



46.     Defendant Tek Experts offers its staffing and placement services under the various marks referenced above (the "Tek Experts Infringing Services," together with the "Teknowledge Infringing Services," the "Infringing Services").

***The Prior Litigation***

47.     In January 2023, Plaintiff sued Defendant Tek Experts for violating a 2019 agreement to maintain a specific form for its corporate logo.  A true and correct copy of the Complaint in the case captioned *TEKsystems, Inc. v. Tek Experts (Colorado), Inc*. (D. Colo.

53059391.1

2023), Dkt. No.: 23-cv-00195-WJM-MDB (the "2023 Litigation") is attached hereto as **Exhibit F**.

48.     The 2023 Litigation was settled and dismissed in September 2023 pursuant to a confidential agreement between the parties.

49.     At the time of the dismissal, Defendant Teknowledge was known by its former name, "Tek Experts Global Ltd." and Defendant Tek Experts was known by its former name Tek Experts (Colorado), Inc.

50.     Despite this past history, Defendant Teknowledge has now intentionally adopted branding which seeks to trade off Plaintiff's long-established goodwill in its trademarks and trade dress.

### *The TEKsystems Website Trade Dress*

51.     As noted above, the TEKsystems Website has multiple design elements and features that make it unique.

52.     Those design elements include: (a) the prominent and repeated use of triangles, (b) the placement of its house mark, TEKSYSTEMS (And Design), on the left side of a top level menu, (c) the use of a secondary phrase ("Own Change") underneath the house mark in the top level menu, (d) the repeated use of the terms "transform" and/or "transformation," (e) the repeated use of the terms "accelerate" or "acceleration," (f) the use of the colors blue and orange, such as in the TEKSYSTEMS (And Design) mark, and (g) the prominent and repeated use of 'speeding light' imagery (collectively, the "TEKsystems Website Trade Dress").

53.     As shown in Exhibits D and E, the Teknowledge Site: (a) uses triangle imagery repeatedly, including within its primary Three Triangle Logo, (b) places the Three Triangle Logo

in the exact same position as Plaintiff's house mark, (c) places the secondary phrase "Accelerating progress. Securing futures." directly underneath the Three Triangle Logo, (d) uses the terms "transform," "transformation," and "transformative" prominently, (e) uses the terms "accelerate," "accelerating" and "accelerated" prominently (including in the primary tagline "Accelerating progress. Securing futures."), (f) uses the colors blue and orange prominently and in connection with triangle shapes, and (g) uses 'speeding light' imagery.

54.     Below are exemplary images from the TEKsystems Website (left) and the Teknowledge Site (right), showing some of the blatant similarities.

 

55.     Upon information and belief, the above-referenced content from the Teknowledge Site was added no earlier than April 2024.

## COUNT I

### (Trademark Infringement Under Section 32 Of The Lanham Act, 15 U.S.C. § 1114)

56.     Plaintiff hereby restates and incorporates the allegations of foregoing Paragraphs 1-55.

57.     Plaintiff owns all right, title and interest in and to U.S. Registration 4,273,436 for the mark TEKSYSTEMS (And Design) (the "'436 Registration").

58.     Plaintiff owns all right, title and interest in and to U.S. Registration 6,035,216 for the mark Smiley Triangle Logo (the "'216 Registration").

53059391.1

59.     Plaintiff owns all right, title and interest in and to U.S. Registration 6,689,042 for the mark Triangle Logo (the "'042 Registration").

60.     Defendants are improperly and willfully infringing the '436, '216 and '042 Registrations (collectively, "Plaintiff's Registrations") in interstate commerce through the advertising, promotion, sale and distribution of the Infringing Services.

61.     Defendants' use in interstate commerce of marks that are virtually identical to the marks shown in Plaintiff's Registrations is likely to cause confusion or deception of consumers as to the source, origin, or sponsorship in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114).  Particularly, customers are likely to purchase Defendants' Infringing Services believing them to be those of Plaintiff, thereby resulting in a loss of goodwill and sales to Plaintiff.

62.     Defendants' conduct constitutes trademark infringement, and/or induces or contributes to acts of trademark infringement, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

63.     As a direct and proximate result of Defendants' conduct, Plaintiff has been, and is likely to be, substantially injured in its business including harm to its goodwill and reputation and the loss of revenues and profits.

64.     Plaintiff has no adequate remedy at law, and unless enjoined by this Court, Defendants will continue to engage in such acts of trademark infringement, to the irreparable damage and injury of Plaintiff.

65.     Upon information and belief, Defendants have engaged in the above-referenced acts of trademark infringement with full knowledge of Plaintiff's exclusive rights in one or more of Plaintiff's Registrations, and Defendants continue in such acts of intentional infringement,

thus making this case exceptional and entitling Plaintiff to an award of treble its actual damages, plus attorneys' fees in bringing and maintaining this action.

## COUNT II

### (Unfair Competition By False Designation Of Origin
### Under Section 43(a) Of The Lanham Act, 15 U.S.C. § 1125(a))

66.     Plaintiff hereby restates and incorporates the allegations of foregoing Paragraphs 1-65.

67.     The marks shown and described in Plaintiff's Registrations, including the TEKSYSTEMS (And Design) mark, the Smiley Triangle Logo and the Triangle Logo, operate as indicators of source and/or origin, and have acquired distinctiveness via secondary meaning.

68.     The marks shown and described in Plaintiff's Registrations are distinctive in the minds of the relevant purchasers of Plaintiff's goods and services as being associated exclusively with Plaintiff.

69.     The marks TEKSYSTEMS (And Design) and the Triangle Logo have been in continuous and exclusive use throughout the United States, by Plaintiff, since at least as early as October 2012.

70.     The Smiley Triangle Logo has been in continuous and exclusive use throughout the United States, by Plaintiff, since at least as early as December 2019.

71.     Defendants, through their use of the marks shown and described in Plaintiff's Registrations in connection with the sale of the Infringing Services, have without authorization, in connection with their goods and/or services in commerce, made or contributed to the making of false designations of origin, false or misleading descriptions of fact, and/or false or misleading representations of fact, which are likely to cause confusion, mistake, or to deceive as to the

16

affiliation, connection or association of Defendants with Plaintiff, and/or as to the origin,

sponsorship or approval of Defendants' goods and/or services, in violation of Section

43(a)(1)(A) of the Lanham Act (15 U.S.C. § 1125(a)(1)(A)).

72.    Consumers are likely to purchase the Infringing Services believing that

Defendants are affiliated, connected or associated with Plaintiff, resulting in a loss of goodwill to

Plaintiff.

73.    Defendants' acts as set forth herein constitute unfair competition, and/or induce or

contribute to acts of unfair competition.

74.    Defendant's unfair acts have been committed in bad faith and with the intent to

cause confusion, mistake and/or to deceive.

75.    As a direct and proximate result of Defendants' conduct, Plaintiff has been, and is

likely to be, substantially injured in its business including harm to its goodwill and reputation

and the loss of revenues and profits.

76.    Plaintiff has no adequate remedy at law because the marks shown and described

in Plaintiff's Registrations are unique and represent to the public Plaintiff's identity, reputation,

and goodwill, such that damages alone cannot fully compensate Plaintiff for Defendants'

misconduct.

77.    Unless enjoined by this Court, Defendants and those acting in concert with them

will continue to infringe Plaintiff's intellectual property rights in the marks shown and described

in the Plaintiff's Registrations, to Plaintiff's irreparable injury.  This threat of future injury to

Plaintiff's business identity, goodwill, and reputation requires injunctive relief to prevent

Defendants' continued use of the marks shown and described in Plaintiff's Registrations, and/or

53059391.1

marks and product configurations confusingly similar thereto, and to ameliorate and mitigate Plaintiff's injuries.

78.     Upon information and belief, Defendants have engaged in the above-referenced acts of unfair competition with knowledge of Plaintiff's exclusive rights in the marks shown and described in Plaintiff's Registrations, and Defendants will continue in such acts unless enjoined by this Court.

## COUNT III

### (Dilution Under Section 43(c) Of The Lanham Act, 15 U.S.C. § 1125(c) – Plaintiff's Registrations)

79.     Plaintiff hereby restates and incorporates the allegations of foregoing Paragraphs 1-78.

80.     The mark TEKSYSTEMS (And Design) from the '436 Registration, and the Triangle Logo from the '042 Registration, are strong and distinctive marks that have been in use for many years and have achieved enormous and widespread public recognition.

81.     Plaintiff has been using the mark TEKSYSTEMS (And Design) and the Triangle Logo in commerce in connection with the advertising, promotion and provision of its services since at least October 2012.

82.     The mark TEKSYSTEMS (And Design) and the Triangle Logo are famous within the meaning of Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)).

83.     Defendants are using marks in the advertising and promotion of the Infringing Services, without authorization from Plaintiff, that are diluting the distinctive quality of Plaintiff's marks, and decreasing the capacity of such marks to identify and distinguish Plaintiff's goods and services.

53059391.1

84.     Defendants have intentionally and willfully diluted the distinctive quality of Plaintiff's famous trademarks in violation of Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)).

85.     Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

86.     Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

87.     Defendants acts have damaged and will continue to damage Plaintiff, and Plaintiff has no adequate remedy at law.

## COUNT IV

**(Unfair Competition By False Designation Of Origin
Under Section 43(a) Of The Lanham Act, 15 U.S.C. § 1125(a) – Website Trade Dress)
(*against Defendant Teknowledge only*)**

88.     Plaintiff hereby restates and incorporates the allegations of foregoing Paragraphs 1-87.

89.     The TEKsystems Website Trade Dress represents the image and brand of Plaintiff, is strong and distinctive, has been used for many years, and has achieved enormous and widespread public recognition.

90.     The TEKsystems Website Trade Dress operates as an indicator of source and/or origin, and has acquired distinctiveness via secondary meaning.

91.     The TEKsystems Website Trade Dress is distinctive in the minds of the relevant purchasers of Plaintiff's goods and services as being associated exclusively with Plaintiff.

53059391.1

92.     The TEKsystems Website Trade Dress has been in continuous and exclusive use throughout the United States, by Plaintiff, since at least as early as 2022.

93.     As noted above, the Teknowledge Website appropriates all of the unique and recognizable features of the TEKsystems Website Trade Dress.

94.     Defendant Teknowledge has, without authorization, in connection with its goods and/or services in commerce, made or contributed to the making of false designations of origin, false or misleading descriptions of fact, and/or false or misleading representations of fact, which are likely to cause confusion, mistake, or to deceive as to the affiliation, connection or association of Defendant with Plaintiff, and/or as to the origin, sponsorship or approval of Defendant's goods and/or services, in violation of Section 43(a)(1)(A) of the Lanham Act (15 U.S.C. § 1125(a)(1)(A)).

95.     Consumers are likely to purchase the Infringing Services believing that Defendant is affiliated, connected or associated with Plaintiff, resulting in a loss of goodwill to Plaintiff.

96.     Defendant's acts as set forth herein constitute unfair competition, and/or induce or contribute to acts of unfair competition.

97.     Defendant's unfair acts have been committed in bad faith and with the intent to cause confusion, mistake and/or to deceive.

98.     As a direct and proximate result of Defendant's conduct, Plaintiff has been, and is likely to be, substantially injured in its business including harm to its goodwill and reputation and the loss of revenues and profits.

53059391.1

99.     Plaintiff has no adequate remedy at law because the TEKsystems Website Trade Dress is unique and represents to the public Plaintiff's identity, reputation, and goodwill, such that damages alone cannot fully compensate Plaintiff for Defendant's misconduct.

100.    Unless enjoined by this Court, Defendant and those acting in concert with them will continue to infringe Plaintiff's intellectual property rights, to Plaintiff's irreparable injury. This threat of future injury to Plaintiff's business identity, goodwill, and reputation requires injunctive relief to prevent Defendant's continued use of trade dress that is confusingly similar to TEKsystems Website Trade Dress, and to ameliorate and mitigate Plaintiff's injuries.

101.    Upon information and belief, Defendant has engaged in the above-referenced acts of unfair competition with knowledge of Plaintiff's exclusive rights, and Defendant will continue in such acts unless enjoined by this Court.

## <u>COUNT V</u>

### (Colorado Common Law Unfair Competition)

102.    Plaintiff hereby restates and incorporates the allegations of foregoing Paragraphs 1-101.

103.    Plaintiff owns and enjoys common law trademark rights in the marks shown in the Plaintiff's Registrations, and in the TEKsystems Website Trade Dress, in the State of Colorado, and throughout the United States.

104.    The marks shown in Plaintiff's Registrations and the TEKsystems Website Trade Dress operate as indicators of source and/or origin, particularly when used in interstate commerce.

105.    Moreover, the marks shown in Plaintiff's Registrations and the TEKsystems Website Trade Dress have acquired distinctiveness via secondary meaning.

53059391.1

106.    Defendants, through their use, display and copying of the marks shown in Plaintiff's Registrations and/or use of the TEKsystems Website Trade Dress in connection with the sale of the Infringing Services, have without authorization, in connection with their goods and/or services in commerce, made or contributed to the making of false designations of origin, false or misleading descriptions of fact, and/or false or misleading representations of fact, which are likely to cause confusion, mistake, or to deceive as to the affiliation, connection or association of Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of Defendants' goods and services in violation of the common law of the State of Colorado.

107.    Consumers are likely to purchase the Infringing Services believing that Defendants are affiliated, connected or associated with Plaintiff, resulting in a loss of goodwill to Plaintiff.

108.    Defendants' acts as set forth herein constitute unfair competition, and/or induce or contribute to acts of unfair competition.

109.    Defendants' unfair acts have been committed in bad faith and with the intent to cause confusion, mistake and/or to deceive.

110.    As a direct and proximate result of Defendants' conduct, Plaintiff has been, and is likely to be, substantially injured in its business including harm to its goodwill and reputation and the loss of revenues and profits.

111.    Upon information and belief, Defendants' acts of unfair competition are, and have been, oppressive, fraudulent and malicious, thus entitling Plaintiff to punitive damages.

112.    Plaintiff has no adequate remedy at law because the marks shown in Plaintiff's Registrations are unique and represent to the public Plaintiff's identity, reputation, and goodwill, such that damages alone cannot fully compensate Plaintiff for Defendants' misconduct.

113.    Unless enjoined by this Court, Defendants and those acting in concert with them will continue to infringe Plaintiff's intellectual property rights in the marks shown and described in Plaintiff's Registrations and/or in the TEKsystems Website Trade Dress, to Plaintiff's irreparable injury.  This threat of future injury to Plaintiff's business identity, goodwill, and reputation requires injunctive relief to prevent Defendants' continued use of the marks shown and described in Plaintiff's Registrations, the TEKsystems Website Trade Dress and/or product configurations confusingly similar thereto, and to ameliorate and mitigate Plaintiff's injuries.

114.    Upon information and belief, Defendants have engaged in the above-referenced acts of unfair competition with knowledge of Plaintiff's exclusive intellectual property rights in Plaintiff's Registrations and/or in the TEKsystems Website Trade Dress, and Defendants will continue in such acts unless enjoined by this Court.

## COUNT VI

### (Unjust Enrichment)

115.    Plaintiff hereby restates and incorporates the allegations of foregoing Paragraphs 1-114.

116.    Plaintiff invested substantial time, labor and money in developing the services offered under the marks shown and described in Plaintiff's Registrations and/or offered in connection with the TEKsystems Website Trade Dress.

117.    Defendants have wrongfully misappropriated Plaintiff's goodwill in the services offered under the marks shown and described in Plaintiff's Registrations and/or offered in

23

connection with the TEKsystems Website Trade Dress, and have profited from and received certain other benefits as a result of such wrongful misappropriation.

118.    Defendants have been unjustly enriched at Plaintiff's expense.

119.    It would be inequitable to allow Defendants to retain the profits and other benefits it acquired through its wrongful actions.

120.    Accordingly, Plaintiff is entitled to restitution in the amount of Defendants' unjust enrichment.

53059391.1

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants, as well as its employees and/or agents, as follows:

A. Entry of a judgment that:

1.     Defendants have infringed Plaintiff's federal trademark rights in Plaintiff's Registrations;

2.     Defendants' sale of the Infringing Services constitutes unfair competition under Section 43(a) of the Lanham Act;

3.     Defendants have infringed Plaintiff's common law trademark rights in the marks shown and described in Plaintiff's Registrations and in the TEKsystems Website Trade Dress;

4.     Defendants have engaged in trademark dilution by blurring;

5.     Defendants' sale of the Infringing Services constitutes common law unfair competition;

6.     Defendants have been unjustly enriched by the sale of the Infringing Services.

B. Entry of judgment that Defendants' acts of trademark infringement (including of the Website Trade Dress) and unfair competition detailed herein have been, and continue to be, willful and deliberate.

53059391.1

C. Entry of preliminarily and permanent injunctions enjoining Defendants, their agents, servants and employees, and those people in active concert or participation with them from:

 1. using, infringing, contributing to, or inducing infringement of the Plaintiff's registered and common law trademarks, service marks and trade dress, including but not limited to the marks shown and described in Plaintiff's Registrations and in the TEKsystems Website Trade Dress;

 2. using any false designation, description or representation regarding the source or sponsorship of its goods and/or services, or stating or implying that Defendants or their agents are connected with the goods and/or services of Plaintiff, thereby damaging Plaintiff's goodwill and reputation;

 3. causing a likelihood of confusion or misunderstanding as to the source or sponsorship of Defendants' business and/or Defendants' goods or services, including but not limited to causing a likelihood of confusion or misunderstanding as to Defendants' affiliation, connection or association with Plaintiff or any of Plaintiff's goods and/or services;

 4. diluting the value of Plaintiff's famous marks; and

 5. otherwise infringing Plaintiff's common law and registered trademarks and service marks, or otherwise unfairly competing with Plaintiff.

D. Entry of judgment requiring Defendants to offer up for destruction all articles, displays, advertisements, labels, signs, prints, packages, packaging, wrappers, receptacles, brochures, catalogs, plates, molds, uniforms, and logo items in its possession or control (including but not limited to all products and marketing materials associated with the Infringing

26

Products) which display a mark product which is identical to, or confusingly similar with, Plaintiff's marks and protected product configuration trade dress, as provided by Section 36 of the Lanham Act (15 U.S.C. § 1118).

E. Entry of judgment requiring Defendants to file with the Court and to serve upon Plaintiff's counsel within thirty (30) days after entry of any injunction or order issued herein, a written report, under oath, setting forth in detail the manner in which it has complied with such injunction or order pursuant to Section 34 of the Lanham Act (15 U.S.C. §1116(a)).

F. Entry of judgment:

    1.    awarding Plaintiff such actual damages as it has sustained by reason of Defendants' acts of trademark infringement in violation of Section 32 of the Lanham Act (15 U.S.C. §1114) (including, but not limited to, a disgorgement of Defendants' profits, Plaintiff's lost profits, and the costs of this action);

    2.    awarding treble damages for such trademark infringement;

    3.    awarding Plaintiff its attorney's fees in bringing and maintaining this action, which should be deemed exceptional, for such trademark infringement; and

    4.    requiring Defendants to account to Plaintiff for any and all profits derived by it from sales of the Infringing Products, and to compensate Plaintiff for all damages sustained by reason of such trademark infringement and the other acts complained of herein; all pursuant to Section 35 of the Lanham Act (15 U.S.C.§ 1117).

G. Entry of judgment:

      1.     awarding Plaintiff such actual damages as it has sustained by reason of Defendants' acts of unfair competition in violation of Section 43(a)(1)(A) of the Lanham Act (15 U.S.C. §1125(a)(1)(A)) (including, but not limited to, a disgorgement of Defendants' profits, Plaintiff's lost profits, and the costs of this action);

      2.     awarding Plaintiff treble its actual damages or such acts of unfair competition;

      3.     awarding Plaintiff its attorney's fees in bringing and maintaining this action, which should be deemed exceptional, for such acts of unfair competition; and

      4.     requiring Defendants to account to Plaintiff for any and all profits derived by it from sales of the Infringing Products, and to compensate Plaintiff for all damages sustained by reason of such acts of unfair competition and the other acts complained of herein; all pursuant to Section 35 of the Lanham Act (15 U.S.C. §1117).

H. Entry of judgment:

      1.     awarding Plaintiff such actual damages as it has sustained by reason of Defendants' acts of trademark dilution in violation of Section 43(c) of the Lanham Act (15 U.S.C. §1125(c)) (including, but not limited to, a disgorgement of Defendants' profits, Plaintiff's lost profits, and the costs of this action);

      2.     awarding Plaintiff treble its actual damages or such acts of dilution;

      3.     awarding Plaintiff its attorney's fees in bringing and maintaining this action, which should be deemed exceptional, for such acts of dilution; and

4.      requiring Defendants to account to Plaintiff for any and all profits derived by it from sales of the Infringing Services, and to compensate Plaintiff for all damages sustained by reason of such acts of dilution and the other acts complained of herein; all pursuant to Section 35 of the Lanham Act (15 U.S.C. §1117).

I. Entry of judgment ordering Defendants to compensate Plaintiff for the advertising or other expenses necessary to dispel any confusion caused by Defendants' trademark infringement, unfair competition and other unlawful acts (including but not limited to the costs of an appropriate corrective advertising campaign), pursuant to Section 35 of the Lanham Act (15 U.S.C. §1117).

J. Entry of judgment awarding Plaintiff such damages as it has sustained by reason of Defendants' acts of common law unfair competition, including but not limited to compensatory damages, attorneys' fees, costs and/or punitive damages.

K. Entry of judgment awarding Plaintiff the amount of Defendants' unjust enrichment.

L. Affording Plaintiff such further and other relief as this Court may deem just and proper.

53059391.1

**JURY DEMAND**

Plaintiff hereby requests and demands trial by jury on all claims so triable.


Dated: September 19, 2024

<div style="margin-left: 50%;">

*s/ Airina L. Rodrigues*
Airina L. Rodrigues, #56149
Brownstein Hyatt Farber Schreck, LLP
675 15th Street, Suite 2900
Denver, Colorado 80202
Telephone: 303.223.1100
Fax: 303-223-1111
Email: arodrigues@bhfs.com

Darius C. Gambino, Esq.
(Pennsylvania Bar, No. 83496)
*Admitted, District of Colorado*
SAUL EWING LLP
1500 Market Street, 38th Floor
Philadelphia, Pennsylvania 19102
P: (215) 972-7173
E: Darius.Gambino@saul.com

Of Counsel:
Sherry H. Flax, Esq.
SAUL EWING LLP
1001 Fleet Street, 9th Floor
Baltimore, Maryland 21202
P: (410) 332-8600
E: Sherry.Flax@saul.com

*Attorneys for Plaintiff TEKsystems, Inc.*

</div>